

**SIGNED this 03rd day of November, 2009.**

_Craig A. Gargotta_

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 04-15019-CAG |
| | § | |
| TERRY L. HOFF and, | § | CHAPTER 7 |
| LISA W. HOFF, | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| C. DANIEL ROBERTS, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 09-01011- CAG |
| v. | § | |
| | § | |
| PEGGY MCCONNELL AS TRUSTEE | § | |
| OF THE TERRY L. HOFF HERITAGE | § | |
| TRUST and TERRY L. HOFF, | § | |
| CHAPTER 7 DEBTOR | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
## ON DEBTOR'S MOTION TO DISMISS UNDER RULE 12(b)(6)

C. Daniel Roberts, Trustee, ("Plaintiff") filed an Original Complaint ("Complaint") against Peggy McConnell as Trustee of the Terry L. Hoff Heritage Trust and Terry L. Hoff ("Defendants") on February 26, 2009.  On April 9, 2009, Defendants filed a "Motion to Dismiss Under Rule 12(b)(6)."  Plaintiff then filed "Plaintiff's Response to Defendants' Motion to Dismiss Under Rule 12(b)(6)" ("Plaintiff's Response") on May 11, 2009.  Subsequently, Defendants filed a "Supplement to Motion to Dismiss Under Rule 12(b)(6) on May 29, 2009. The Motion to Dismiss was heard by the Court on June 3, 2009.

Defendants seek relief on the grounds that the Plaintiff's Original Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Bankruptcy Rule 7012 which incorporates Federal Rule 12(b)(6) by reference.  Defendants also requested that the motion be treated as one for summary judgment and disposed of as provided in Rule 56.

The Court has reviewed Defendants' Motion to Dismiss and Plaintiff's Response and has considered the arguments and evidence of counsel.  Based on the foregoing, the Court will grant Defendants' Motion to Dismiss for the reasons stated below.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (O) on which this Court can enter a final judgment.  The following represents the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014.

FACTS

On July 12, 1990, Mary L. McConnell created an irrevocable trust for the benefit of her grandson, Terry L. Hoff and appointed Peggy McConnell, the Debtor's mother, as Trustee. (Def.'s Ex. A.)  The Trust also provided that Mary McConnell or anyone else may add property to the Trust. *Id.* at 1.  The pertinent provision of the Trust is Art. VI, Section H, entitled "Trust Beneficiary's Right to Withdraw the Principal of the Trust."  It states:

> Notwithstanding the previous requirements as to the term of this Trust for Terry L. Hoff, and if the Settlor of this Trust (or each Settlor, if more than one) is then deceased, Terry L. Hoff will have the right to withdraw from the Trust: one-third of the value of the trust at age thirty; one-half of the value of the Trust Property remaining at age 35; and all of the Trust property remaining at age 40 (or from time to time thereafter).

In September of 1997, Mary McConnell passed away.  (McConnell Aff. 2.)  At the time, the Debtor was 30.  *Id.*  Approximately three months later, on December 26, 1997, Peggy McConnell contributed to the Trust for the first time in the amount of $10,000.  *Id.*  She contributed an additional $10,000 to the Trust in December of 1998, 1999, 2000, 2001, 2003, and 2004.  *Id.* at 2-4.

On September 30, 2004, when the Debtor was thirty-seven, he filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code.  (Comp. ¶ 6.)  Plaintiff, C. Daniel Roberts, was appointed Trustee in the Chapter 7 case.  (Comp. ¶ 1.)  On February, 26, 2009, Plaintiff filed this adversary proceeding requesting all of the value of the Trust.  (Comp. ¶ 11.)

PARTIES' CONTENTIONS

The issue in this case is whether the Trust instrument gave the Debtor the right to withdraw money from the Trust at the time he filed for bankruptcy, thereby making the funds part of the bankruptcy estate.  Defendants argue that according to the terms of the Trust, the

Debtor had no right to withdraw, because Art. VI, Section H of the Trust states that all settlors must be deceased before the Debtor can withdraw money. (Defs.' Mot. ¶ 11.) Thus, when Peggy McConnell contributed to the Trust, she became a settlor and cut off the Debtor's right to withdraw. (Defs.' Mot. ¶ 16.)

Plaintiff contends that Defendants' interpretation is erroneous because under the version of Texas Property Code § 111.004(14) that was in effect at the time the Debtor filed for bankruptcy, the term "settlor" could only mean the person who created the trust. (Pl.'s Resp. ¶ 3.) Plaintiff argues that this provision means that only Mary McConnell could be considered a settlor and when she died on September 30, 1997, the Debtor became eligible to withdraw from the Trust. As Peggy McConnell was not the person who created the Trust, her contributions had no effect on the Debtor's right to withdraw. (Pl.'s Resp. ¶ 9.) Plaintiff argues that when the Debtor filed for bankruptcy, he, acting as the Chapter 7 Trustee, "steps into the debtor's shoes and may demand payment of those amounts allowed under the language of the trust." (Pl.'s Resp. ¶ 20.)[1]

## LEGAL ANALYSIS

The Defendants requested that the Court treat this motion as a motion for summary judgment. *See* Fed.R.Bankr.P. 7012(b), incorporating Fed.R.Civ.P. 12(b). There being no contested material issues of fact, the Court will do so.[2]

---

[1] The Court is aware that in Plaintiff's Original Complaint, Plaintiff argued that according to Art. VIII(A), the Debtor could have withdrawn $10,000 in 2004; thus he, as Chapter 7 Trustee, is entitled to administer that money. (Comp. ¶ 8-9). At the hearing, however, Plaintiff conceded this issue so the Court will not address it.

[2] In Plaintiff's Response, Plaintiff asserted that Peggy McConnell's affidavit was not competent summary judgment evidence because of the conclusory statements therein and that it was not properly sworn. The Court can independently weigh the evidence and has considered her affidavit. Additionally, Defendants corrected any error in their Supplement to Motion to Dismiss Under Rule (12)(b)(6).

Bankruptcy Rule 7056 applies Rule 56(c) of the Federal Rules of Civil Procedure to adversary proceedings.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, (1986).  To the extent facts are undisputed, a Court may resolve a case as a matter of law.  *Celotex Corp.*, 477 U.S. at 323; *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).  The Fifth Circuit has stated "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon evidence before the court."  *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

This case involves the interplay between Texas statutory law and the terms of a trust instrument.  In Texas, a trust that expressly prohibits the beneficiary from voluntarily or involuntarily transferring his interest in the trust is a spendthrift trust and is inaccessible by the beneficiary's creditors.  *In re Bass*, 171 F.3d 1016, 1028 (5th Cir. 1999).  In the bankruptcy context, a beneficiary's interest in a spendthrift trust is excluded from the bankruptcy estate and not subject to administration by the Chapter 7 Trustee. *Id.*  If, however, the terms of the trust remove discretion from the trustee and grant the beneficiary a right to withdraw, the "Chapter 7 trustee, may step into the Debtor's shoes and demand payment" to the extent of the beneficiary's right to withdraw.  *West v. Parker (In re Watson)*, 325 B.R. 380, 386 (Bankr.S.D. Tex. 2005).  Thus, if the Debtor in this case had the right to withdraw from the Trust when he filed for bankruptcy, Plaintiff can demand that the trustee, Peggy McConnell, distribute the Trust's funds to pay the Debtor's creditors.

Critical to determining whether the Debtor had the right to withdraw when he filed for bankruptcy is deciding whether Peggy McConnell is a "settlor" of the Trust. In 2004, when the debtor filed for bankruptcy, Section 111.004 was the definitions section of Chapter 111 of the Texas Property Code. It stated, "[i]n this subtitle . . . 'Settlor' means the person who creates the trust." Tex. Prop. Code § 111.004(14) (2004). When construing provision of the statute, section 111.002(a) entitled "Construction of Subtitle" states "[i]f the provisions of this subtitle and the terms of a trust conflict, the terms of the trust control . . . ." Tex. Prop. Code § 111.002(a) (2004). Thus, the provisions of the Texas Property Code are default rules that give way to the terms of the trust instrument. *Goldin v. Bartholow*, 166 F.3d 710, 716 (5th Cir. 1999); *Dierschke v. Central Nat'l Branch of First Nat'l Bank*, 876 S.W.2d 377, 380 (Tex. App.—Austin 1994, no pet.) ("The provisions of the Trust Code . . . are default rules that govern only in the absence of contrary provisions in the trust agreement itself."); *Runyan v. Mullins*, 864 S.W.2d 785, 789 (Tex. App. —Fort Worth 1993, writ. denied) ("The Texas Trust Code provides that '[i]f the provisions of this subtitle and the terms of a trust conflict, the terms of the trust control . . . .' Thus, when the terms of a trust set out a specific method or manner in which to amend the trust, the Texas Trust Code indicates that those terms are controlling and must be followed.")

When unambiguous language in a trust instrument conflicts with provisions in Chapter 111 of the Texas Property Code, the language of the trust instrument controls. For example, in *Goldin v. Bartholow*, the appellant was trustee of a trust and brought an action against the officers and directors of a banking group claiming they had acted wrongfully and asking for a declaratory judgment that they were not entitled to severance pay. *Goldin*, 166 F.3d at 714. During the course of the litigation, the termination date specified in the trust instrument passed and the trustee was ordered to turn over the trust assets. *Id.* The appellant did not dispute that

the trust had terminated, but argued that he had "winding-up" powers according to § 112.053 of the Texas Property Code. *Id* at 715-716. The Fifth Circuit, citing § 111.002(a), found that the language of the trust instrument prevented the appellant from exercising the "winding-up" powers granted by the Texas Property Code. *Id.* at 716-717. ("[W]e decline to find that the Texas default rule applies to provide [the trust] with additional winding-up powers after its stated termination date. In this case, such an addition would clearly defeat the terms of the trust.")

Here, the language of the Trust unambiguously considers anyone who contributes to the Trust a "settlor." Article VI, Section H of the Trust instrument allows the Debtor to withdraw the principal of the trust if, "the Settlor of this Trust (**or each Settlor, if more than one**) is then deceased . . .) (emphasis added)." When the Trust was drafted, only Mary McConnell had contributed to the Trust and she was the only Settlor. Thus, this language only makes sense if Mary McConnell intended to give anyone who later added property to the trust the ability to cut off the Debtor's right to withdraw. The language of the Trust controls; therefore, when Peggy McConnell contributed, she became a settlor. Furthermore, the "[i]n this subtitle" language of § 111.004 suggests that the words defined in the section are limited to the context of that specific subtitle of the Texas Property Code.[3]

Common law also supports reading "settlor" to include anyone who contributes to a trust. *See **Brooks v. Interfirst Bank, Fort Worth***, 844 F.2d 258, 263 (5th Cir. 1988) ("The person who provides the consideration for the trust is the settlor even if another person or entity nominally creates the trust."); ***In re Shurley***, 171 B.R. 769, 778 (Bankr.W.D. Tex. 1994), *rev'd on other grounds*, 115 F.3d 333 (5th Cir. 1997) ("A settlor is one who creates a trust, or furnishes consideration for the creation of a trust, though in form the trust is created by another."). In an

---

[3] "In this subtitle . . . (14) 'Settlor' means the person who creates the trust. The terms 'grantor' and 'trustor' mean the same as 'settlor.'" Tex. Prop. Code § 111.004(14) (2004).

unpublished decision this court previously considered whether the Texas Trust Code limited the definition of settlor to the person who created the trust. ***In re Bradley***, Case No. 02-12741-FM (Bankr. W.D. Tex. October 28, 2004). The Court stated, "a plain language interpretation might require confining the definition of 'settlor' to only persons who initially fund the trust. This reading, however, would be contrary to over 150 years of case law that has held otherwise." ***Id.*** (citing RESTATEMENT (THIRD) of TRUSTS § 58 (2003)).

Thus, the Court finds that Peggy McConnell became a settlor when she contributed funds to the Trust.

Now, the Court must decide if Peggy McConnell cut off the Debtor's right to withdraw when she became a settlor. Generally, when a third-party chooses to fund a trust for the benefit of another, that person has the right to dictate how, when, and to whom the money is distributed. Therefore, Texas rules of trust interpretation require the Court to construe the trust to "best effectuate the purposes of its settlor." ***Bass***, 171 F.3d at 1029 (citing ***Hughes v. Jackson***, 125 Tex. 130, 136 (Tex. Comm'n App. 1935, opinion adopted)). In this case, Mary McConnell specified, "[i]n construing the Trust Declaration, a construction should be made which will provide a greater benefit and protection to Terry L. Hoff over any other person or organization who may be interested in the Trust . . . ." Thus, the Court will construe the Trust according to Mary McConnell's wishes.

To begin with, Mary McConnell created the Trust with the express intent to shield it from the Debtor's creditors. Article IX, Section F. states: "[n]o Beneficiary will have the power to anticipate, encumber or transfer any interest in the Trust. No part of the Trust will be liable for or charge with any debts, contracts, liabilities or torts of a Beneficiary or subject to seizure or other process by any creditor of a Beneficiary."

The trust also places restrictions on the Debtor's ability to withdraw from the Trust, suggesting that Mary McConnell intended to keep the Debtor from accessing it until he was financially responsible.  It specifies, "if the Settlor of this Trust (or each Settlor, if more than one) is *then* deceased, Terry L. Hoff will have the right to withdraw from the Trust: one-third of the value of the trust *at age thirty*; one-half of the value of the Trust Property remaining *at age 35*; and all of the Trust property remaining *at age 40* (or from time to time thereafter) (emphasis added)." This language creates two conditions the Debtor must meet before he can withdraw from the Trust.  First, all settlors must be deceased.  Second, the Debtor must reach the designated age.

Here, the Trust provisions imply that Mary McConnell wanted to protect funds contributed by future settlors from the Debtor's creditors.  Instead of simply requiring that the Debtor reach a certain age before accessing the money in the Trust, Mary McConnell made this right contingent on the death of all persons who had contributed to it.  If she had not included this provision, the Debtor would have had access to any future contributions, as long as he met the specified age benchmark, and the Debtor's creditors would be able to reach any money contributed to the Trust.  This interpretation would circumvent the spendthrift provision and defeat Mary McConnell's intent to shield the Trust from the Debtor's creditors.  Thus, the Court finds that Mary McConnell intended that when a person contributes money to the Trust and becomes a settlor, one of the conditions to withdrawal is no longer satisfied and the Debtor cannot withdraw from the Trust.  Peggy McConnell contributed to the Trust when the Debtor was thirty.  Therefore, the Debtor did not have the right to withdraw when he reached ages thirty-five and forty.  This interpretation provides the most benefit and protection to the Debtor because it shields his interest in the trust from his creditors until all the settlors are deceased.

This finding, however, does not completely resolve the issue because from the period of September 30, 1997, when Mary McConnell passed away, to December 26th, 2007, when Peggy McConnell became a settlor, the Debtor had the right to withdraw one-third of the Trust. During that time, both conditions precedent were satisfied: no settlors were living and the Debtor was thirty. Thus, the Court must consider whether the Debtor still has the right to withdraw this one-third interest.

Mary McConnell drafted the Trust to require that the Debtor meet specific age benchmarks before withdrawing money. In doing so, she did not simply grant the Debtor the right to withdraw the entire trust when he turned thirty. Instead, she gradually increased the amount he could withdraw as he aged. In doing so, she likely wanted to provide the Debtor with an incentive to wait to withdraw the money because the Trust would become more valuable the longer he waited. She also may have structured the Trust in this manner contemplating that as he grew older his priorities might change.

Plaintiff argues that the age benchmarks are on a continuous time line and once the Debtor hit thirty, as there was no settlor at that time, his right to withdraw vested and he has the right to withdraw to this day. Under this interpretation, if there had been no settlor when the Debtor turned thirty-five, he would have been entitled to withdraw one-third plus one-half, or two-thirds, of the Trust. This contradicts the plain language of the Trust that allows the Debtor to withdraw only "one-half of the value of the Trust Property remaining at age 35." It is also contrary to Mary McConnell's intent to gradually increase the amount of money the Debtor could remove as he aged. According to Plaintiff's interpretation, five years after the Debtor turned thirty he would become entitled to the majority of the Trust, leaving only one-fourth left to be accessible at age forty. Mary McConnell intentionally limited the amount he could

withdraw at age thirty, indicating a hesitation to give the Debtor access to a large portion of the Trust at one time and at such a young age.  It seems unlikely that she would feel that five years is a sufficient amount of time to allow the Debtor to withdraw the majority of the Trust.

It seems more likely that Mary McConnell intended the specified ages as separate benchmarks, each requiring the satisfaction of both conditions precedent.  Thus, the Court interprets the Trust as follows: If all settlors were deceased and the Debtor elected to withdraw he could get one-third of the fund at age thirty.  If he decided to wait until he was thirty-five and all settlors were deceased, he could withdraw one-half of the fund, including the one-third he did not withdraw at age thirty.  In this case, when the Debtor did not elect to withdraw his one-third interest at age thirty, that interest was subsumed by his potential right to withdraw one-half at age thirty-five.  When the Debtor turned thirty-five, a Settlor, Peggy McConnell, was alive, so the Debtor no longer had the right to withdraw any money from the Trust.  Therefore, the Court finds that Plaintiff cannot force Peggy McConnell, as Trustee of the Terry L. Hoff Heritage Trust, to remit any funds from the Trust.

Based on the foregoing, the Court holds that the Defendants' Motion to Dismiss Under Rule 12(b)(6) should be granted.  Therefore

IT IS ORDERED that Defendants' Motion to Dismiss Under Rule 12(b)(6) is granted.